IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Wendy J. Butler,                                              Case No. 3:08CV1628

        Plaintiff

    v.                                                                    ORDER

Commissioner of Social Security,

        Defendant

In this appeal, I review defendant Commissioner of Social Security's [Commissioner] final decision denying plaintiff Wendy J. Butler's claims for disability insurance benefits [DIB] under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. Jurisdiction is proper under 28 U.S.C. § 1331 and 42 U.S.C. § 405(g).

The Commissioner objects to the Magistrate Judge's Report and Recommendation [Magistrate's Report] [Doc. 25] which recommends remand for further proceedings. [Doc. 26]. Based on a de novo review of the record, I overrule the Commissioner's objections.

**Procedural Background**

Butler filed an application for DIB on July 13, 2004, which the Social Security Administration [Administration] denied both initially and on reconsideration. Administrative Law

Judge [ALJ] Terry Miller conducted an administrative hearing on July 19, 2007, and denied Butler's applications on September 27, 2007. On May 8, 2008, the Administration's Office of Hearing and Appeals denied Butler's request for review, thereby rendering the ALJ's decision the final judgment of the Commissioner.

Butler then sought judicial review of the Commissioner's decision in this court, leading to Magistrate Judge Vernelis K. Armstrong's June 12, 2009 Report and Recommendation that Butler's case be remanded to the Commissioner.

**Medical History**

Because the Magistrate's Report laid out Butler's medical history in detail, I only describe the most relevant information here.

Butler is 5'5" tall and weighs 125 pounds. She graduated from high school and has taken vocational courses in cosmetology, though she has never worked as a cosmetician. Butler has worked as a data entry specialist, billing clerk and accountant, waitress, bar maid and cashier.

Butler describes her impairments as: a menstrual disorder, memory loss, cephalgia, lightheadedness, diabetes, transient ischemic attacks [TIAs], diabetic neuropathy, persistent constipation, depression and anxiety. She is taking or has taken the following medications: Humalog, Lantus, Lipitor, Zelnorm, Amitiza, Warfarin, Plavix, Adderall, Wellbutrin, Fioricet, Lexapro and a stool softener.

Since April, 1997, Dr. Bruce A. Montgomery has treated Butler. He has seen her for numerous physical and psychological ailments, including diabetes, depression, tenosynovitis, back pain, headaches and a stroke. Since 2000, Dr. I. S. Elliot has treated Butler to assist with controlling her diabetes and the neuropathies stemming from diabetic drug treatment.

In 1999, Dr. Carol Kollartis diagnosed Butler with diabetic retinopathy and performed laser surgery on Butler's eyes to remedy the ailment. Dr. Franz J. Berlacher confirmed this diagnosis in 2001 and also found that Butler suffered from insulin dependent diabetes mellitus and a cerebral vascular accident. From 2001-2003, Dr. Peter P. Zangara conducted annual neurological evaluations of Butler.

In 2002, Butler underwent surgery to remove a tumor in her right breast. She also received laser surgery treatment for her diabetic retinopathy.

In 2004, clinical psychologist Roger H. Avery diagnosed Butler with a cognitive disorder, personality disorder, diabetes, hypertension, post stroke problems and some moderate difficulty in social, occupational or school functioning. He noted, also, that Butler suffered from borderline verbal intelligence, impairment of her ability to withstand everyday stress, low-average intellectual functioning and mild retardation in her immediate auditory and memory scores.

In 2004, Dr. Khalid Mahmood examined Butler at the request of the Administration. He found that Butler should not have difficulty sitting, walking, lifting, carrying, handling, hearing, speaking or traveling. He, however, suggested that Butler may have an underlying psychiatric condition.

In 2005, Dr. Denise Kohler, Ph.D., performed a mental residual functional capacity [RFC] evaluation of Butler, stating that Butler suffered from a psychological or behavioral abnormality based on her memory impairment, a cognitive disorder, a reading disorder and a personality disorder. Butler subsequently sought psychological assistance at the Harbor Behavioral Health Center [Harbor Behavioral] for depression in 2006. Harbor Behavioral discharged her without improvement in 2007 because Butler failed to follow up with her treatment there.

In 2005, Dr. Lynne Torello reviewed Butler's file on behalf of the state agency and found, in her RFC analysis, that Butler could occasionally lift or carry up to twenty pounds, frequently lift or carry up to ten pounds, stand or walk about six hours in an eight-hour workday, sit about six hours in an eight-hour workday and engage in unlimited pushing or pulling. Dr. Torello found also that Butler could never climb using a ladder, rope or scaffold.

In 2007, Dr. Montgomery completed a diabetes mellitus RFC questionnaire, stating that Butler could perform low stress jobs provided she walk no more than fifteen minutes at a time, sit no more than thirty minutes, stand no more than thirty minutes, stand or walk less than two hours daily, shift positions at will, take unscheduled breaks and elevate her legs at least twenty minutes. He recommended that Butler never stoop, crouch or climb ladders, or lift fifty pounds or more.

## Standard for Disability

To determine disability, the ALJ engages in a sequential, five-step evaluation. 20 C.F.R. § 404.1520. The ALJ considers whether: 1) claimant is engaged in work that constitutes substantial gainful activity; 2) claimant is severely impaired; 3) claimant's impairment meets or equals the Secretary of Health and Human Services's Listing of Impairments; 4) claimant can perform past relevant work; and 5) other jobs exist in significant numbers to accommodate claimant if claimant cannot perform his past relevant work, given his RFC, age, education and past work experience. *Id*. The claimant bears the burden of proof at steps one through four, after which the burden shifts to the Commissioner at step five. *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002).

## ALJ Findings

The ALJ found that:

1) The claimant meets the insured status requirements of the Act through [September 27, 2007].

2) The claimant has not engaged in work activity since September 1, 2003, the alleged onset date [of disability].

3) The claimant has the following severe impairments: Insulin-dependent diabetes mellitus, diabetic neuropathy, and diabetic retinopathy; a history of cerebrovascular accidents and transient ischemic attacks (TIAs) with reported periods of aphasia and mental confusion related to her diabetic condition; headaches; hypercoagulability disorder; diabetic encephalopathy/cognitive disorder; reading disorder; major depressive disorder and post-traumatic stress disorder; and personality disorder.

4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C. F. R. Part 404, Subpart P, Appendix 1.

5) The claimant has the residual functional capacity to perform a limited range of "light" work . . . (lifting and carrying twenty pounds occasionally and ten pounds frequently, standing/walking/sitting six hours out of eight total), reduced as follows: She needs to be able to alternate between sitting and standing (where she can occasionally change positions throughout the eight-hour workday but pay attention to the task at hand). In addition, the claimant is able to frequently stoop, kneel, crouch, and crawl, and can occasionally climb ramps and stairs and balance. She is not able to climb ladders, ropes or scaffolds at all and she cannot perform tasks that require constant close visual work, nighttime driving, or constant oral communications. The claimant needs to avoid exposure to hazards. She is also limited to simple, routine, repetitive one-to-three step tasks that are not performed in a fast paced environment. She can make only simple work-related decisions and perform tasks that involve only occasional changes in the work setting, occasional and brief interactions with others, no work with the general public, and only work that would accommodate a 4.7 grade reading level.

6) The claimant is unable to perform any of her past relevant work.

7) The claimant was born on October 5, 1967 and is considered a "younger individual".

8) The claimant has at least a high school education and is able to communicate in English.

9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

>
> 10) Considering the claimant's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> 11) The claimant has not been under a disability, as defined in the Social Security Act, from September 1, 2003 through [September 27, 2007].

[R. at 18-27] (internal citations omitted).

## Standard of Review

When reviewing the Magistrate's Report, I make a de novo determination of the portions to which either party objects. *See* 28 U.S.C. § 636(b)(1).

When reviewing the Commissioner's decision, I must determine whether: 1) substantial evidence supports the ALJ's findings; and 2) the ALJ applied the proper legal standards. 42 U.S.C. § 405(g); *see also Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). I "may not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). If substantial evidence supports it, I must affirm the ALJ's decision, even if I would have decided the matter differently. 42 U.S.C. § 405(g); *see also Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard*, *supra*, 889 F.2d at 681 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In determining whether substantial evidence supports the ALJ's findings, I view the record as a whole, *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980), and consider anything in the record

suggesting otherwise. *See Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978).

## Discussion

The Commissioner objects to the Magistrate's findings that: 1) the ALJ failed to consider all of Butler's symptoms, as required by 20 C.F.R. § 404.1529; and 2) when assessing Butler's RFC, the ALJ erred in adopting the state agency review because the state agency did not consider all relevant medical evidence—specifically Dr. Montgomery's longitudinal study—as required by 20 C.F.R. § 404.1545(a)(3).

### 1. The ALJ's Consideration of Butler's Symptoms, Including Her Medications

The Magistrate found that the ALJ made only a "perfunctory listing of Plaintiff's medications" and "ignored Plaintiff's statements detailing potentially disabling symptomology, their consistency with the objective medical evidence and whether these symptoms lead to a finding of disability." [Doc. 25]. The Commissioner argues that "the ALJ addressed Butler's medications (Tr. 19-20) and, at length, her allegations. (Tr. 19-25.)." [Doc. 26].

The ALJ must, in determining disability, consider all of a claimant's symptoms. 20 C.F.R. § 404.1529(a). Symptoms are the claimant's "description of [his or her] physical or mental impairment." 20 C.F.R. § 404.1528(a).

Evaluation of the claimant's symptoms requires consideration of all of the claimant's subjective complaints, including, but not limited to, the type, dosage, effectiveness and adverse side effects of any medication taken to alleviate pain or other symptoms. 20 C.F.R. §§ 404.1529(a) and (c)(3); *see also Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir. 2009) ("When evaluating [a claimant's] statements of subjective pain [or other subjective ailments], however, the ALJ [is]

required to go further and determine the actual intensity and persistence of [the claimant's] symptoms and how these symptoms limit [the claimant's] ability to work."); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 249 (6th Cir. 2007) (holding that the ALJ's disability determination was unsupported by substantial evidence because it "fail[ed] to contain specific reasons for the finding on credibility[,] . . . nor [was] it sufficiently specific to make clear to the individual and to any subsequent reviews the weight the adjudicator gave to [the claimant's] statements and the reasons for that weight" (internal citations omitted)); *White v. Comm'r of Soc. Sec.*, 312 Fed. Appx. 779, 788-89 (6th Cir. 2009) (holding an ALJ's determination to be unsupported by substantial evidence when the ALJ stated that he "considered all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" but failed to "explain how the objective evidence was inconsistent" with the claimant's symptoms, including description of medications); *Pasco v. Comm'r of Soc. Sec.*, 137 Fed. Appx. 828, 835 (6th Cir. 2005) (holding that the ALJ satisfied 20 C.F.R. § 404.1529 because he "specifically noted in his decision that he had evaluated her symptoms, including pain" under that provision's requirements). *But see Simons v. Barnhart*, 114 Fed. Appx. 727, 733 (6th Cir. 2004) ("Although required to develop the record fully and fairly, an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." (citing *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)).

An examination of the ALJ's decision corroborates the Magistrate's findings. The ALJ mentioned in his decision that Butler described her symptoms and medications:

> The claimant alleged prior to the hearing that she also has irritable bowel syndrome, dizzy spells, blackouts, speech problems, balance problems, and high cholesterol. She added that she has difficulty focusing on the task at hand and that she takes or has taken various medications, including Humalog, Lantus, Lipitor, Zelnorm,

8

>Amitiza, Warfarin, Plavix, Adderall, Wellbutrin, Fioricet, Lexapro, and a stool softener.

[R. at 20].

The ALJ, however, directly addressed Butler's medications or other symptoms only in describing one medication:

>[T]he claimant complained that her blood thinner medication that help [sic] prevent her TIA-like episodes where she gets facial drooping, aphasia, and mental confusion causes her to have lightheadedness and anemia for which she takes iron pills . . . . However, her Factor V mutation and lupus anticoagulant tests were negative and there is nothing in the record to support a finding that this condition would result in specific work-related limits beyond those previously discussed.

[R. at 23].

The ALJ attempted to remedy this omission by stating summarily at the end of his decision:

>The undersigned concludes that the subjective allegations made by the claimant and her husband regarding the claimant's mental and physical limitations are not entirely credible since they are not consistent with her treatment history, her lack of inpatient hospitalizations for either mental problems or diabetes, or the objective medical evidence. In addition, the claimant walked into the hearing room without any abnormalities and she sat throughout the almost two hour hearing without getting up. While the undersigned notes that the claimant seemed somewhat slow from a cognitive standpoint, she was still able to relate and testify fairly well.

[R. at 25].

This general finding regarding Butler's credibility fails to address the specific details of Butler's medications or symptoms, like the ALJ in *White* and unlike the ALJ in *Pasco*. *See White*, *supra*, 312 Fed. Appx. at 788-89; *Pasco*, *supra*, 137 Fed. Appx. at 835. The Sixth Circuit's statement in *Simons*, moreover, is not pertinent here because, in that case, the court specifically noted that the evidence not discussed was off-point and duplicative of the claimant's testimony. *See Simons*, *supra*, 114 Fed. Appx. at 733-34. Here, by contrast, the ALJ nowhere else properly addresses Butler's symptomology or medications. The ALJ must consider these specific elements

9

of Butler's DIB claim. *See* 20 C.F.R. § 404.1529(a); *see also Barlow v. Sullivan*, 1991 WL 29215, at *6 (6th Cir.) (noting that while the Commissioner is not required to discuss every piece of evidence, failure to do so regarding the claimant's subjective impairments justifies remand). The ALJ's determination that Butler is not eligible for DIB is therefore unsupported by substantial evidence.

The Commissioner further argues that "the Magistrate Judge ignores all of the other credibility factors considered by the ALJ, including the objective medical evidence, physician opinions, activities, and treatment history. (Tr. 20-25.)." [Doc. 26]. While an ALJ may properly discount a claimant's credibility "to a certain degree . . . where an [ALJ] finds contradictions among the medical reports, claimant's testimony, and other evidence," *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004); *see also* 20 C.F.R. § 404.1529(b) ("Your symptoms . . . . will not be found to affect your ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment[] is present."), the ALJ, nevertheless, must still consider a claimant's symptoms in determining claimant's disability status. *See* 20 C.F.R. § 404.1529(a); *see also Hash v. Comm'r of Soc. Sec.*, 309 Fed. Appx. 981, 989 (6th Cir. 2009) ("A claimant's subjective assessment of his symptoms is relevant to determining whether he suffers from a disability[.]").

As established above, the ALJ has inadequately considered Butler's symptoms, including medications. The ALJ's decision, thus, is unsupported by substantial evidence, irrespective of his general assessment of Butler's credibility.

**2. The ALJ's Assessment of Butler's RFC**

The Magistrate found that the ALJ erred in adopting the state agency review's RFC determination because it "was completed without the benefit of two years' medical records generated, in part, by [Butler's] treating physician," on whose report the ALJ "relied significantly." [Doc. 25]. The Magistrate concluded that Butler's RFC "cannot be assessed without a timely and comprehensive [RFC] given by a medical expert . . . based on *all* the medical evidence including but not limited to the records from Harbor Behavioral and Dr. Zangara." [Doc. 25] (emphasis added).

The Commissioner argues that the Magistrate's findings on this issue are "unsupported . . . [and] contrary to the regulations, which explicitly reserve to the Commissioner, or his agent, the ALJ, and not a doctor, the responsibility for determining RFC." [Doc. 26]. The Commissioner also points out that the Magistrate elsewhere in her Report states: "The ALJ employed the proper legal standards in assessing [Butler's RFC]." [Doc. 25]. Because I review the Magistrate's findings de novo, I need not address this possible contradiction.

RFC is a medical assessment of what an individual can do in a work setting despite functional limitations and environmental restrictions imposed by her medically determinable impairments. 20 C.F.R. § 404.1545; *see also Cohen v. Sec. of Health and Human Servs.*, 946 F.2d 524, 530 (6th Cir. 1992). Responsibility for assessing RFC at the stage of an ALJ hearing rests with the ALJ, not a medical expert. 20 C.F.R. § 404.1546(c) ("If [the claimant's] case is at the administrative law judge hearing level . . . the administrative law judge . . . is responsible for assessing [the claimant's] residual functional capacity."); *see also Poe v. Comm'r of Soc. Sec.*, 2009 WL 2514058, at *7 (6th Cir.); *Bingaman v. Comm'r of Soc. Sec.*, 186 Fed. Appx. 642, 647 (6th Cir. 2006). While an ALJ may not express a medical opinion himself, he need not adopt a physician's

11

medical opinion verbatim in assessing a claimant's RFC. *See* 20 C.F.R. §§ 404.1545(a)(1) and (3) (stating that the individual or entity determining RFC must do so "based on all the relevant evidence in [the claimant's] case record"). An ALJ may consider all medical and non-medical evidence in assessing claimant's RFC. *See* 20 C.F.R. § 404.1545(a)(3); *see also Ford v. Comm'r of Soc. Sec.*, 114 Fed. Appx. 194, 197 (6th Cir. 2004).

The Commissioner properly objects, in part, to the Magistrate's findings on this determination. The ALJ explicitly determined Butler's RFC and did so in light of medical evidence from Butler's treating physician [Dr. Montgomery], Dr. Zangara and Harbor Behavioral Health Center. The ALJ did not improperly "adopt" the state agency's RFC determination by stating that he "assign[ed] greatest weight to the State Agency medical opinion of record," because the ALJ could properly make such determinations so long as he considered all relevant evidence. *See* §§ 404.1545(a), 404.1546(c); *see also Ford*, *supra*, 114 Fed. Appx. at 197.

As detailed in the prior section, however, the ALJ failed to consider all required evidence because he did not consider Butler's symptoms, including her medications and their effects, in making his determination. *See* 20 C.F.R. § 404.1545(a)(3) ("[In assessing RFC, the ALJ] will also consider descriptions and observations of [the claimant's] limitations from [the claimant's] impairment(s), including limitations that result from [the claimant's] symptoms[.]"); *see also Riepen v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 414, 416 (6th Cir. 2006) ("The ALJ also considered all of Riepen's documented symptoms and limitations . . . in assessing Riepen's residual functional capacity [and thus] the ALJ's finding that Riepen's alleged [multiple sclerosis] was not a severe impairment does not constitute reversible error."); *Urban v. Chater*, 1999 WL 97251, at *5 n.5 (6th Cir.).

The ALJ's determination of Butler's RFC is, therefore, unsupported by substantial evidence for the same reason as his determination of Butler's disability: The ALJ failed to consider Butler's symptoms, including her medications and their effects, in making his determination.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT defendant's objections to the Report and Recommendation of the United States Magistrate Judge be, and the same hereby are, overruled.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge