**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Wendy J. Butler,                                          Case No. 3:08CV1628

          Plaintiff

     v.                                               ORDER

Commissioner of Social Security,

          Defendant

     This case was referred to a United States Magistrate Judge for Report and Recommendation. The Magistrate Judge filed her Report and Recommendation, to which the Commissioner filed a response indicating he had no objections. I have reviewed the case, *de novo*, which I find well-taken on the merits for the reasons stated in the Report and Recommendation, which is incorporated herein by reference as the opinion of the undersigned. Therefore, it is hereby

     ORDERED THAT the Report and Recommendation of the United States Magistrate Judge be, and the same hereby is adopted as the Order of this Court. The Plaintiff's motion for attorney's fees (Doc. No. 30) is granted.

     So ordered.

                                s/James G. Carr
                                United States District Judge

**REPORT AND RECOMMENDATION**

This case was referred to the undersigned Magistrate to file a Report and Recommendation as to Plaintiff's request for attorney fees under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412 (Docket No. 35). Pending is Plaintiff's Motion (Docket No. 30), Defendant's Response (Docket No. 33) and Plaintiff's Reply (Docket No. 34). For the reasons set forth below, the Magistrate recommends that the Court grant Plaintiff's Motion for Attorney Fees and Expenses.

## I. PROCEDURAL BACKGROUND

Plaintiff's application for DIB alleging that she became unable to work because of her disabling condition on September 1, 2003, was denied initially and upon reconsideration (Tr. 60-62, 55-57, 72-74). An administrative hearing was conducted on July 19, 2007, before Administrative Law Judge (ALJ) Terry Miller. Plaintiff, represented by counsel, Plaintiff's spouse and Vocational Expert (VE) Charles McBee appeared and testified (Tr. 589). The ALJ's decision denying Plaintiff's claim became the final decision of the Commissioner on September 27, 2007 when the Appeals Council denied review (Tr. 5-7).

Plaintiff filed a timely action in this Court seeking judicial review of the Commissioner's decision denying benefits (Docket No. 1). The Magistrate recommended that the case be remanded pursuant to sentence four to the Commissioner to make findings consistent with Section 404.1529, reassess Plaintiff's residual functional capacity (RFC) based on all evidence, reassess Step five of the sequential evaluation based on the new RFC and conduct further hearing, if necessary, to determine if, based on the new RFC, Plaintiff can adjust to other work (Docket No. 25). United States District Court James G. Carr adopted the recommendation of the Magistrate, overruling Defendant's Objections (Docket No. 28).

Plaintiff filed a Motion for Attorney Fees and Defendant objects to such award.

2

## II. EAJA STANDARD FOR AWARDING FEES

A court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. 28 U. S. C. § 2412(b) (Thomson Reuters 2010). The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award. 28 U.S.C.A. § 2412(b) (Thomson Reuters 2010). A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that:  (1) the party is a prevailing party, (2) the party is eligible to receive an award under this subsection, (3) the position of the United States was not substantially justified and (4) the itemized statement from any attorney or expert witness representing or appearing in behalf of the party states the actual time expended and the rate at which fees and other expenses were computed. 28 U. S. C. § 2412(d)(1)(B) (Thomson Reuters 2010).

Whether the position of the United States was substantially justified, shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought. 28 U. S. C. § 2412(d)(1)(B) (Thomson Reuters 2010). The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Hensley v. Eckerhart*, 103 S. Ct. 1933, 1941 (1983).

## III. ANALYSIS

Plaintiff contends that (1) she is a prevailing party; (2) the position of the government was not substantially justified; (3) she is eligible to receive EAJA fees; and (4) the record has been supplemented with the basis for the calculations. Plaintiff seeks an award of attorney fees totaling $5,101.75.

Defendant argues that the government succeeded on twelve, possibly, thirteen of fourteen issues asserted by Plaintiff during judicial review. Accordingly, Defendant contends that the Commissioner's decision was substantially justified and that the Court should deny the request for attorney fees.

## 1. THE PREVAILING PARTY

Plaintiff contends that she meets the first prong of the four-part test. She has prevailed in some aspect of her claim, namely, she succeeded in getting a remand. Plaintiff reminds the Court that a remand is a sufficient basis for Plaintiff to be considered a prevailing party.

A Social Security claimant who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of EAJA. *Olive v. Commissioner of Social Security*, 534 F. Supp.2d 756, 758 (N. D. Ohio 2008) (citing *Shalala v. Schaefer*, 113 S.Ct. 2625 (1993)). Thus, a plaintiff is presumptively entitled to attorney's fees unless the government can meet its burden of showing that the position of the United States was substantially justified or that special circumstances make an award unjust. *Id.*

Here, Plaintiff was awarded a remand order pursuant to sentence four of 42 U. S. C. § 405(g). She is unequivocally a prevailing party for purposes of the EAJA.

4

## 2. ELIGIBILITY FOR AN AWARD.

Plaintiff alleges, simply, that she is eligible to receive EAJA fees. Defendant does not object to this assertion or provide evidence that would discount the truth of the matter asserted.

The second element requires that the party be eligible to receive the award. 28 U.S.C. § 2412(d)(1)(B) (Thomson Reuters 2010). The statute qualifies the meaning of eligible party to mean "an individual whose net worth did not exceed $2,000,000 at the time of the civil action was filed." 28 U. S. C. § 2412(d)(2)(B) (Thomson Reuters 2010).

In the Application, Plaintiff's counsel asserts that Plaintiff's net worth is less than two million (Docket No. 30, ¶ 5). Defendant does not object to this finding or present evidence that a contrary conclusion is warranted.

## 3. WAS THE GOVERNMENT'S POSITION SUBSTANTIALLY JUSTIFIED?

Even though substantial evidence may not support his decision, Defendant claims that his position was substantially justified to a degree that would satisfy a reasonable person. Plaintiff claims that the government "feverishly maintained" a position that had no basis in law. Thus, his position could not substantially justified.

The determination of what constitutes "substantial justification" is based on a wide variety of factual contexts and legal issues. The government bears the burden of establishing that the position of the United States is substantially justified. *Scarborough v. Principi*, 124 S. Ct. 1856, 1865-1866 (2004). To satisfy that burden, the United States must show that its position was "justified to a degree that could satisfy a reasonable person," not merely that the government was "undeserving of sanctions for frivolousness." *Pierce v. Underwood*, 108 S. Ct. 2541, 2550 (1988)).

5

The "substantial justification standard" is essentially one of reasonableness. *Id.* The pertinent inquiry is whether the United States's position had a reasonable basis in law and fact. *Id.*

Here, the Court considers not the number of issues on which the government was successful but whether the government's position was based in law and fact. The ALJ failed to make a RFC based on all the medical evidence including but not limited to the records from Harbor Behavioral and Dr. Zangara. The ALJ also failed to adequately and accurately consider key elements that are critical when assessing disability. The regulations are well established that the ALJ must give deference to some basic considerations in assessing RFC and ultimately disability. Specifically, the ALJ must consider all the statements of symptoms and the factors relevant to the symptoms. It is well established that when a state agency makes the disability determination, the agency responsible for assessing RFC must base that assessment on all relevant medical evidence. 20 C. F. R. § 404.1545(a)(3) (Thomson Reuters/West 2010).

In the instant case, the ALJ failed to consider comply with his own regulations in assessing disability. The ALJ especially failed to consider basic elements that must be assessed before arriving at a conclusion of non-disability in every case. The Magistrate is persuaded that the government was not substantially justified in taking this position on two essential issues. Having succeeded in meeting the threshold requirements that Plaintiff is entitled to an award of fees, the Magistrate proceeds to examine that basis for Plaintiff's request of attorney fees.

### 4. THE BASIS FOR THE AWARD.

Plaintiff argues that she is entitled to attorney fees totaling $5,191.75. This amount represents an expenditure of 29.4 hours multiplied by an hourly rate of $176.59.

## A. COMPENSABLE HOURLY RATE.

Once a determination is made that attorney's fees should be awarded under the EAJA, the Court must determine if that fee is reasonable. *Zanon v. Commissioner of Social Security*, 2010 WL 1524143, *2 (E. D. Mich. 2010) (citing 28 U.S.C. § 2412( d)(2)(A)). The plaintiff bears the burden of proving the reasonableness of the fees requested. *Id.* (citing *Hensley v. Eckerhart*, 103 S. Ct. 1933, 1941 (1983)). Courts regularly utilize the lodestar approach to calculating attorneys fees, "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. (citing *Blanchard v. Bergeron*, 109 S. Ct. 939, 944 (1989)). The EAJA bases attorney fees on the market rate, but also caps the hourly rate at $125 per hour unless an increase in the cost of living or a special factor justifies a higher fee. *Id*. (citing 28 U.S.C. § 2412(d)(2)(A)). The decision to make adjustments to the hourly rate based upon increases in the Consumer Price Index (CPI) as to the cost of living are left to the sound discretion of the district court. *Titus v. Astrue*, 2009 WL 4730588, *3 (N. D. Ohio 2009) (citing *Begley v. Secretary of Health and Human Services*, 966 F.2d 196, 199 (6th Cir. 1992) (citations omitted)).

The Magistrate finds that Plaintiff's counsel is one of a number of qualified attorneys in this market who are willing or able to handle social security cases. In fact, Plaintiff's counsel is one of few with a specialty in social security cases. Although there were no novel issues presented in the case, the case presented its own complexities in the volumes of medical records and the issues. The Magistrate takes judicial notice of counsel's stellar representation in this area of practice, his participation in advanced training and the high quality of representation in this case. The Magistrate finds that counsel has presented compelling reasons to increase EAJA's statutory cap of $125 per hour.

7

When computing the increase, the Magistrate compares the CPI from March 29, 1996, the date the hourly rate became $125, to the CPI on the date the Complaint was filed in this case. 28 U. S. C. § 2412(d)(2)(A) (Thomson Reuters 2010). The CPI in March 29, 1996 was 155.7. www.bls.gov/cpi. The July 2008 CPI was increased to 219.964. www.bls.gov/cpi. Using the CPI for the United States average for 2008 and dividing it by the CPI for 2008 results in a factor of 1.41. Multiplying 1.41 by the EAJA cap for March 1996 of $125 equals a rate of $176.60. *See Titus v. Astrue*, 2009 WL 4730588, *5 (N. D. Ohio 2009).

## B. COMPENSABLE HOURS

Compensation under EAJA is limited to the number of hours expended in the litigation process, including the EAJA application process. *Zanon, supra*, at *2 (citing *Commissioner, I.N.S. v. Jean*, 110 S. Ct. 2316, 2320-2321 (1990)). While a court must award compensation for all time reasonably expended, it should exclude time that is excessive, redundant, or inadequately documented. *Id*. (citing *Hensley, supra*, 103 S. Ct. at 1939).

The Magistrate has scrutinized the schedule of services provided by Plaintiff's counsel. Counsel adequately documented his services. He did not pad the schedule or include redundant entries. The Magistrate finds that Plaintiff is entitled to attorney fees for the 29 hours of work employed to achieve the remand.

## C. THE RESULT

The Supreme Court has determined that within the meaning of EAJA in a social security benefits case, an award of attorney fees is payable to the prevailing party, not his or her attorney. *Astrue v. Ratliff*, 130 S. Ct. 2521, 2527 (2010). In this case, Plaintiff is entitled to an award of attorney fees in the amount of $5,191.75.

8

## IV. CONCLUSION

For these reasons, the Magistrate recommends that the Court award Plaintiff attorney fees of $5,191.75 and terminate the referral to the undersigned Magistrate.